IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| BRIAN JOHNSON, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Case No. 10-00094-CV-W-HFS |
| | ) | Crim. No. 06-00247-01-CR-W-HFS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER**

More than four years ago movant was convicted of a charge of conspiracy to distribute 500 grams or more of cocaine, two distribution counts, a count of possession with intent to distribute, and a count charging him with being a felon in possession of a firearm. A long sentence, 262 months, was imposed. The convictions were affirmed on appeal. United States v. Johnson, 535 F.3d 892 (8th Cir. 2008). Movant now seeks relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Although the motion is timely, I conclude that he is not entitled to relief.

Movant was arrested after a police chase following a drug sale. He was the driver of a car from a known residence that was involved in supplying drugs previously.

The first claim is that there was a constructive amendment of the indictment in that an aiding and abetting reference in the distribution and possession counts was disregarded at trial and the case was submitted against him as a principal. The claim is novel and unsound. If it had merit, it would not alter the result in light of the conspiracy charge. There is a reference to "aiding and abetting" in the indictment language applying to all defendants, as frequently occurs, and which in practice gives the prosecution an option, depending on the evidence, to submit an aider and abettor theory.

Conceding that this common practice has apparently never been tested, movant urges close study of this question of "first impression." (Doc. 17, p. 6). Novelty of an argument, particularly in a context that is frequently encountered, contradicts the notion that trial counsel has departed from the norm in representation of a defendant. United States v. Levy, 391 F.3d 1327, 1340 (11th Cir. 2004), citing Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002).

Turning to the final, fourth contention, objection to the sentence because of a drug classification argument, not adequately articulated or supported by authority, this is similarly unsound, being concededly novel (and thus not known generally by attorneys to be useful theory) and apparently lacking substantive merit.

Movant's second contention, that use of a telephone call to his girlfriend, recorded in a police vehicle and played at trial (Tr. 164), violates his privacy rights, has been rejected by the Eighth Circuit (United States v. Clark, 22 F.3d 799 (1991)), and it would have been inappropriate for counsel to raise the issue simply to have it rejected. The privilege against self-incrimination is not implicated in a voluntary telephone call. The search of the residence of movant's girlfriend, where movant had been staying, was adequately justified, as briefed by the Government, and a motion to suppress would have been a useless distraction.

The only contention requiring some discussion is the third claim – that witnesses should have been called to refute the testimony of Kisha Barnes, movant's girlfriend. Affidavits have been filed by trial counsel for movant adequately explaining her pre-trial witness preparation. Movant fails to offer knowledgeable and verified impeachment of counsel's affidavits, fails to identify witnesses he claims should have been called, and fails to submit witness affidavits or other proof as to their

testimony, willingness and availability.[1] Claims of this nature are notoriously easy to assert, particularly as generalities, and should generally be supported by affidavits and proposed witnesses. Harrison v. Quarterman, 496 F.3d 419, 428 (5th Cir. 2007).

Movant disclaims current knowledge of exactly what should have been presented at trial, and seeks discovery. This merely aggravates his problem. Unlike normal civil litigation, habeas cases do not allow discovery as a matter of ordinary course. Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004). "A habeas proceeding is not a fishing expedition". Teti v. Bender, 507 F.3d 50, 60 (1st Cir. 2007). While such objections are unsound, under the liberal discovery rules used in civil practice, habeas practice, seeking to retry issues in criminal cases that have already run their course is less hospitable to discovery.

For reasons noted here and presented by the Government in its briefing (Doc. 23), the motion (Doc. 1) is hereby DENIED. A request for a certificate of appealability will be denied.[2]

Discovery motions and requests for an evidentiary hearing (Docs. 18, 19, 20) are unsound and are DENIED as moot.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March  25 , 2011

Kansas City, Missouri

---

[1] The relationship, if any, between Ms. Barnes and Larry Soberg was covered by an interview and movant does not assert or demonstrate what a second interview would establish.

[2] It may be useful to note that the affirmance referred to the proof against movant as "strong" and stated there was "overwhelming evidence of a conspiracy." 535 F.3d at 897, 898.